IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 21-61436-CIV-Altman/Hunt

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

VINCENT SENISI,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon a Motion for Final Default Judgment ("Motion") ECF No. 22. The Honorable Roy K. Altman referred this Motion to the undersigned for a report and recommendation. ECF No. 23, *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Plaintiff, the United States of America, filed its Motion on May 20, 2022. ECF No. 22. Defendant, Vincent Senisi, has not responded or otherwise answered the Complaint. Having considered the Motion, and being otherwise advised in the premises, the Court hereby recommends the Motion be GRANTED for the reasons outlined below.

### BACKGROUND

The United States filed this action against Mr. Senisi on July 15, 2021, seeking a judgment against him for unpaid federal income taxes for tax years 2005 through 2015 and tax year 2018. ECF No. 1. Mr. Senisi was served, in accordance with Federal Rule of Civil Procedure 4, on November 22, 2021. ECF No. 6. After multiple extensions of his deadline to respond, Mr. Senisi was ordered to respond to the Complaint by April 7, 2022,

ECF No. 15, which he did not do.  The Clerk of Court entered Mr. Senisi's default on April 21, 2022.  ECF No. 17.  The United States now moves for entry of final default judgment.  ECF No. 22.

## LEGAL STANDARD

The Court may enter default judgment "against a defendant who never appears or answers a complaint, for in such circumstances the case has never been placed at issue." *Solaroll Shade and Shutter Corp., Inc., v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).  Entry of default judgment is warranted where there is a sufficient basis in the pleadings for the judgment to be entered.  *Sustain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015).  As the result of a defendant's default, the well-pleaded allegations in the complaint are deemed admitted and taken as true.  *See Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (per curiam) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see also* Fed. R. Civ. P. 8(b)(6).  If the plaintiff's claims are for a sum made certain by affidavit, the Clerk of Court "must enter judgment for that amount." Fed. R. Civ. P. 55(b)(1)

## ANALYSIS

To obtain a judgment for a tax assessment, the United States must show that the assessment was properly made.  *United States v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006).  The United States makes a prima facie showing that the IRS properly made an assessment through submitting a Certificate of Assessments, Payments, and Other Specified Matters ("Form 4340"), or some satisfactory substitute.  *See, e.g.*, *id.*; *United States v. Chila*, 871 F.2d 1015, 1018 (11th Cir. 1985).  A declaration from an IRS employee authenticating the taxpayer's account transcripts has been held to be a

satisfactory substitute for the Form 4340.  *See, e.g.*, *United States v. Louisville*, No. 8:20-cv-559-VMC-CPT, 2021 WL 2580301, at *6 (M.D. Fla. Mar. 2, 2021) (holding that a revenue officer's declaration and account transcripts were satisfactory substitutes for the Form 4340) (collecting cases).  Once the United States makes its prima facie showing, the taxpayer bears the burden of overcoming the presumption of correctness by proving that the method of computing the tax, and therefore the assessment, is arbitrary and without foundation.  *Olster v. Comm'r*, 751 F.2d 1168, 1174 (11th Cir. 1985) (citing *Mersel v. United States*, 420 F.2d 517, 520 (5th Cir. 1969)).

In this case, the United States seeks a judgment against Mr. Senisi for unpaid income tax liabilities for twelve separate tax years.  The assessments for seven of those years result from Mr. Senisi's own untimely, but self-reported liabilities.  ECF No. 1 ¶¶ 8, 11.  For the other five tax years, the assessments result from the IRS's examination of Mr. Senisi's liabilities.  ECF No. 1 ¶¶ 7–9.  Through the declaration of Revenue Officer Advisor Elva A. Trejos, and the authenticated account transcripts attached to the declaration, the United States has met its prima facie burden to show that the IRS's assessments against Mr. Senisi are correct and were properly made.  Mr. Senisi has made no attempt to meet his burden to establish that the assessments were arbitrary and without foundation.

Accordingly, the United States is entitled to a judgment on the assessments made against Mr. Senisi, along with all accrued interest under I.R.C. §§ 6601, 6621, and 6622.  Through Revenue Officer Advisor Trejos's declaration, the United States has also established the total amount of Mr. Senisi's unpaid income tax liabilities.  Specifically, as of May 16, 2022, Mr. Senisi owes $825,266.68 in income taxes, penalties, and interest

for tax years 2005 through 2015 and tax year 2018, plus statutory additions and interest that continue to accrue until paid in full.  ECF No. 22-2 ¶ 94.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully RECOMMENDS:

1) The United States of America's Motion for Default Final Judgment, ECF No. 22, be  GRANTED.

2) Pursuant to Federal Rule of Civil Procedure 55(b)(1), the Clerk of Court should be directed to enter final default judgment in favor of the United States and against Vincent Senisi in the amount of $825,266.68, as of May 16, 2022, plus interest and other statutory additions that continue to accrue, for his unpaid income tax liabilities for tax years 2005 through 2015 and tax year 2018.  The judgment should bear interest at the rate prescribed by Sections 6601, 6621, and 6622 of the Internal Revenue Code.  *See* 28 U.S.C. § 1961(c)(1).

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 3rd day of August 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman
All counsel of record