UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-61436-ALTMAN/Hunt

**UNITED STATES OF AMERICA**,

    *Plaintiff*,

v.

**VINCENT SENISI**,

    *Defendant*.

_____/

## ORDER

On May 20, 2022, the Plaintiff filed a Motion for Default Judgment [ECF No. 22] (the "Motion"). The Court referred that Motion to United States Magistrate Judge Patrick M. Hunt. *See* Order of Referral [ECF No. 23]. Magistrate Judge Hunt issued a Report and Recommendation [ECF No. 24] (the "R&R"), in which he determined that the Motion should be granted. Magistrate Judge Hunt also warned the parties as follows:

> Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); see *Thomas v. Arn*, 474 U.S. 140 (1985).

*Id.* at 5. More than fourteen days have passed, and neither side has objected.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's

intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 24] is **ACCEPTED and ADOPTED** in full.
2. The Motion for Default Judgment [ECF No. 22] is **GRANTED**.
3. Final default judgment is **ENTERED** in favor of the United States and against the Defendant Vincent Senisi in the amount of $825,266.68, as of May 16, 2022, plus interest and other statutory additions that continue to accrue, for his unpaid income tax liabilities for tax years 2005 through 2015 and tax year 2018. The judgment should bear interest at the rate prescribed by Sections 6601, 6621, and 6622 of the Internal Revenue Code. *See* 28 U.S.C. § 1961(c)(1).
4. The Clerk shall **CLOSE** this case. All pending motions are **DENIED as MOOT**. All deadlines are **TERMINATED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 17th day of August 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record